### MOTIVE IN CRIMINAL PROSECUTION.

Circuit Court of Cuyahoga County.

MOSES R. BRAILEY ET AL V. GEORGE A. WILLIAMS.

Decided, June 2, 1911.

*Malicious Prosecution—Charge.*

In an action for malicious prosecution it is error to charge the jury:
"If the defendant instituted the criminal prosecution in question with any other motive than to cause the punishment of the plaintiff for a breach of the criminal law, it would constitute malicious prosecution."

*Patterson & Nieding,* for plaintiff in error.
*Weed, Miller & Rothenberg,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

In the action below, for malicious prosecution, the plaintiff prevailed. The trial court granted plaintiff's first request to charge:

"If the defendant instituted the criminal prosecution in question with any other motive than to cause the punishment of the plaintiff for a breach of the criminal law, it would constitute malicious prosecution."

This was error; an ulterior motive, though it was malicious, was not the only requisite element of malicious prosecution.

The court refused to permit the plaintiff to be asked on cross-examination whether he had not been able to borrow money within a month or two after the criminal prosecution; and, whether he had not in another action admitted that his discharge from employment was due to some other cause than said prosecution. A majority of the court are of opinion that these inquiries were germane to his complaint of injury to his business credit and standing, and should have been allowed. For these errors the judgment is reversed.